### Harry B. O'Dell, Appellee, v. American Box Ball Company, Appellant.

### Gen. No. 17,924. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding. Heard in this court at the October term, 1911. Reversed. Opinion filed October 13, 1913.

### Statement of the Case.

Action by Harry B. O'Dell against American Box Ball Company, on a contract. From a judgment for plaintiff for three hundred dollars, defendant appeals.

E. C. WOOD and WM. GILLESPIE, for appellant.

HERMAN FRANK and HARRY J. LURIE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 240*—*how authority of agent may be shown.* The authority of an agent cannot be established by the words or declarations of the agent.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

2. PRINCIPAL AND AGENT, § 97*—*what is power of agent selling on commission.* A selling agent on commission who takes orders and submits them to his principal has no implied authority to constitute other persons agents of the company, or to secure assistance for himself in selling and to add the commissions of such assistants to his own commissions and to the selling expense falling on the company.

3. PRINCIPAL AND AGENT, § 242*—*what evidence shows agent's powers.* Where a person, who had purchased a box ball alley through an agent, and who had been promised commissions for procuring other purchasers, wrote to the principal inquiring concerning the payment of money and received a letter stating that the agent was "all right in every respect," and also stating how the money might be paid, *held* that such letter could not be considered as an assertion that the agent was a general agent with power to bind the company for the promised commissions, but referred only to the money involved.

4. EVIDENCE, § 185*—*what constitutes admission.* In an action for commissions for selling box ball alleys, where the question at issue was whether an agent was a general agent with power to bind his principal for the commissions, *held* that a statement of the treasurer of the company that the agent was a "general representative" was not, in view of other evidence, an admission of the agent's powers, but rather a repudiation.

5. PRINCIPAL AND AGENT, § 239*—*when letter is competent evidence of agent's powers.* In determining an agents' powers, a letter written by the principal to another person concerning a similar transaction is incompetent.

6. PRINCIPAL AND AGENT, § 183*—*when a principal may ratify an unauthorized act.* A principal may ratify an unauthorized transaction of an agent in one case and not in another.